IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NANCY JONES, executor of the )
Estate of Gomer W. Jones, CATHERINE )
JONES, and HERB JONES, )
)
      Plaintiffs, )
)
v. )
) Case No. 11-1393-CM
)
DONAL E. NOBLIT, ET AL., )
)
      Defendants. )
)

## MEMORANDUM AND ORDER

Plaintiffs, the Estate of Gomer Jones, through Nancy Jones as executor; Catherine Jones; and Herb Jones assert causes of action against defendant for counts related to proprietary rights of engineering designs. Plaintiffs originally commenced this litigation in 2002 in the District Court of Sedgwick County, Kansas, against defendants Donald Noblit, Lora Blase, Henry Blase, Lynn Cole, and Product Development Group, Inc. On October 7, 2011, after describing the legal fight as "byzantine," the Kansas Court of Appeals reversed a district court ruling and remanded the issue of ownership of the engineering designs to the state district court. On December 15, 2011, defendants gave notice of removal to this court on the grounds that (1) newly discovered evidence in a separate case established federal question jurisdiction and (2) the United States would be asserting a comparative fault defense in a separate case that resulted in federal question jurisdiction. On January 12, 2012, plaintiffs filed a motion to remand to state court asserting (1) defendants failed to demonstrate a federal question, and (2) even if a federal question exists, it existed at the original

service of petition and defendants therefore failed to file a notice of removal within thirty days as required by 28 U.S.C. § 1446(b).[1]

## I.  Judgment Standard

This court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Section 1441(b) permits removal of "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States. . . ." 28 U.S.C. § 1441(b).  The Supreme Court has held that jurisdiction under this section "will support claims founded upon federal common law as well as those of a statutory origin." *Illinois v. City of Milwaukee*, 406 U.S. 91, 100 (1972).  So while it is not essential that a petitioner base a claim on a specific statute or provision of the Constitution, the court must still determine that the claim is one "arising under" federal law.  *See Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 850 (1985).

Moreover, federal question jurisdiction may also apply to state law claims involving federal issues.  *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005).  It is well established, however, that "federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.*

The Supreme Court has refrained from authoritatively affirming any one particular test for determining when state-law claims with underlying federal issues result in federal question jurisdiction. *See id.* at 314 (citation omitted).  Federal question jurisdiction depends heavily on whether Congress has demonstrated an intent to provide a federal forum for the question of federal law. *See Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006).  This court begins by examining whether the well-pleaded complaint raises a disputed issue of federal law.  *See id.* at 1234.

---

[1] Plaintiffs made two additional arguments that the court need not address here.

Importantly, "the vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law *creates* the cause of action." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 821 (1988) (emphasis added).

The removing party bears the burden of showing that jurisdiction is proper in federal court. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (citation omitted). "Because the courts of the United States are courts of limited jurisdiction, there is a presumption against federal jurisdiction." *Frederick & Warinner v. Lundgren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)). Consequently, the court is mindful that ambiguous cases are resolved in favor of remand. *See Thurkill v. The Menninger Clinic, Inc.*, 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (further citations omitted)).

## II. Analysis

Defendants contend that new evidence brought to light in a separate case has raised a federal question, because it is now evident that plaintiffs' claims arise from an underlying proprietary rights dispute involving engineering designs. While no patent or patent dispute exists which might bring this case under the jurisdiction of 28 U.S.C. § 1338 ("any civil action arising under any Act[s] of Congress relating to patents…), this does not end the inquiry. As the Kansas Court of Appeals articulated in its examination of the relevant law at issue, "There are a couple of well-settled common law principles that guide determination of ownership rights in an invention or similar intellectual property. Those principles come into play when federal patent law does not apply." *Jones v. Prod. Dev. Group, Inc.*, No. 100,924, slip op. at 6 (Kan. App. Oct. 7, 2011). At issue here is the common law right that "gives an inventor the right to make, use and sell his invention." *Rawlings v. Nat'l Molasses Co.*, 394 F.2d 645, 647 (9th Cir. 1968). Therefore, this court must determine if the common law related to the

proprietary rights at issue represents that specialized category of claims subject to removal to a federal forum.

It is true that patent law rewards individuals for contributing to the progress of science and the useful arts.  *See* U.S. Const. Art. I, Sec. 8.  Further, "[a]s part of that reward, an invention presumptively belongs to its creator."  *Teets v. Chromalloy Gas Turbine Corp.*, 83 F.3d 403, 407 (Fed. Cir. 1996).  But the mere endorsement of a common law presumption of inventor ownership does not make every proprietary rights issue related to intellectual property a substantial issue arising under federal law.

Here the counts of the complaint focus on state tort and contract law.  Furthermore, at no point in time has the "invention" of the designs been in dispute.  The Kansas Court of Appeals denied summary judgment on the grounds that a dispute of material facts regarding who was the sole *owner* of the designs existed.  The issue of ownership, as opposed to inventorship, does not arise out of federal common law.

In examining whether the state law claims raise substantial issues of federal law, the Supreme Court has determined that the federal statutory regime that awards patents was not meant to preempt state law that allows inventors to either protect their inventions or freely contract with other parties regarding their inventions.  *See Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 493 (1974); *Aronson v. Quick Point Pencil Co.*, 440 U.S. 257, 262–63 (1979).  More specifically, "Commercial agreements traditionally are the domain of state law."  *Aronson*, 440 U.S. at 262.  State laws governing the contracting and licensing of intellectual property should not be displaced, merely because the property at issue is often protected by a federal statutory scheme.  *See id.*

Moreover, even when the state claims relate directly to inventorship and involve patent applications, underlying issues of state law still limit federal question jurisdiction.  *See Ballard Med.*

*Prods. v. Wright*, 823 F.2d 527, 531 (Fed. Cir. 1987) (determining that despite injection of patent validity and infringement issues during arbitration, no basis existed for federal question jurisdiction); *Speedco, Inc. v. Estes*, 853 F.2d 909, 913 (Fed. Cir. 1988) (explaining that relevant patent issues under state contract law do not convert a suit for breach of contract into one 'arising under' patent law).

Here the relief sought by the plaintiffs arises out of law normally left to the jurisdiction of the state. While the state court is free to look to the federal courts' recitation of common law proprietary ownership for guidance, much like the Kansas Court of Appeals did, Kansas contract and tort law will be determinative of the outcome of this case. The court finds that the claims in this case neither arise under federal common law nor raise substantial federal issues. Accordingly, this court lacks subject matter jurisdiction over the case.

Further, this court agrees with plaintiffs that even if ownership of proprietary rights represented a federal question, this case has *always* been about proprietary rights. Since the initiation of this litigation, defendants have recognized a dispute over proprietary rights. The discovery of new evidence in a separate case that may relate to ownership does not alter the issue disputed. For this reason, defendants have missed the 30 day window for removal under 28 U.S.C. § 1446(b) if federal question jurisdiction did exist.

Finally, the mere change of a defense by the United States in a separate pending action, does not consequently give this court authority to assert federal question jurisdiction. The United States is not a party to *this* case and its asserted defenses do not change the parties or issues in the case before this court.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Remand to State Court on January 17, 2012 (Doc. 6) is granted.  The case is remanded to the District Court of Sedgwick County, Kansas.

Dated this 8th day of March, 2012, at Kansas City, Kansas.

        s/ Carlos Murguia
        **CARLOS MURGUIA**
        **United States District Judge**